JUDGE REARDEN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

DEXTER LINO,

          Defendant.

**INFORMATION**

24 Cr.



24 CRIM 456

### COUNT ONE
### (Receipt and Solicitation of a Bribe by Agent of
### Organization Receiving Federal Funds)

The United States Attorney charges:

1. From at least in or about 2019 through at least in or about 2022, in the Southern District of New York and elsewhere, DEXTER LINO, the defendant, being an agent of a local government, and an agency thereof, to wit, the New York City Housing Authority ("NYCHA"), which received, in each of the calendar years 2019 through 2022, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance, corruptly solicited and demanded for the benefit of a person, and accepted and agreed to accept, a thing of value from a person, intending to be influenced and rewarded in connection with business, a transaction, and a series of transactions of NYCHA involving a thing of value of $5,000 and more, to wit, LINO solicited and accepted a total of at least approximately $78,800 in bribes in exchange for arranging for certain contractors to receive no-bid contracts from NYCHA worth a total of at least approximately $287,800.

(Title 18, United States Code, Section 666(a)(1)(B).)



JUL 31 2024

## FORFEITURE ALLEGATION

2.     As a result of committing the offense alleged in Count One of this Information, DEXTER LINO, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

3.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third person,

      c.     has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, Untied States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853;
Title 28, United States Code, Section 2461.)

*Damian Williams*
DAMIAN WILLIAMS
United States Attorney